UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY B. TILLMAN,<br><br>    Petitioner,<br><br>  v.<br><br>MENDOZ K. POWERS,<br><br>    Respondent. | 1:10-cv–1893-LJO-SMS-HC<br><br>ORDER DISMISSING THE PETITION WITH LEAVE TO FILE A FIRST AMENDED PETITION (DOC. 1)<br><br>**DEADLINE: THIRTY (30) DAYS AFTER SERVICE OF THIS ORDER**<br><br>ORDER DIRECTING THE CLERK TO SEND PETITIONER A BLANK PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding in forma pauperis and pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.

On September 20, 2010, Petitioner, an inmate of the California State Prison at Corcoran (CSP-COR), filed a petition for writ of habeas corpus in the United States District Court for the Northern District of California. The action was transferred to this Court on October 12, 2010.

    I.  <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United

1

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

     A.   Lack of Specificity

In the petition before the Court, Petitioner states that he is illegally confined because the "B.P.T." erred by not allowing him to have counsel by an A.D.A. attorney and by imposing a

1 state-appointed attorney; further, an "unrelated" juvenile "past"
2 (presumably a prior adjudication) was used.  Petitioner states
3 that he has learning disabilities. (Pet. 3.)  However,
4 Petitioner does not identify the proceeding in question by
5 stating its date or identifying its nature.  Petitioner further
6 states that his continued confinement violates the Eighth
7 Amendment, but he does not explain how a constitutional violation
8 arises or state any facts in support of his claim.

9     Petitioner fails to identify any of his grounds for relief
10 with specificity, and he fails to support his claims with
11 sufficient facts.  Thus, the petition must be dismissed.

12         B.   Exhaustion of State Remedies

13     A petitioner who is in state custody and wishes to challenge
14 collaterally a conviction by a petition for writ of habeas corpus
15 must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).
16 The exhaustion doctrine is based on comity to the state court and
17 gives the state court the initial opportunity to correct the
18 state's alleged constitutional deprivations. Coleman v.
19 Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509,
20 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir.
21 1988).

22     A petitioner can satisfy the exhaustion requirement by
23 providing the highest state court with the necessary jurisdiction
24 a full and fair opportunity to consider each claim before
25 presenting it to the federal court, and demonstrating that no
26 state remedy remains available. Picard v. Connor, 404 U.S. 270,
27 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.
28 1996).  A federal court will find that the highest state court

3

was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law.

4

> See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

In the petition before the Court, Petitioner fails to state whether with respect to the subject matter of the petition, he sought relief in the California Supreme Court, and if he did, whether he raised the grounds he presents in this petition. Petitioner states that he has a matter pending before the California Supreme Court, but he does not state whether or not it pertains to the grounds set forth in the petition. If the grounds are pending before the California Supreme Court, or if the grounds were not presented to the California Supreme Court, they are unexhausted, and the petition must be dismissed to provide Petitioner an opportunity to exhaust the claims. 28 U.S.C. § 2254(b)(1); Rose, 455 U.S. at 521-22.

    C.   Conditions of Confinement

Petitioner complains that although he is disabled with

5

1  unspecified learning disabilities, the board knowingly assigned
2  the wrong attorney to Petitioner.  Petitioner requests as a
3  remedy $1,000,000.00 per year of incarceration.  The purpose of
4  the assignment of counsel is not clear, but it nevertheless
5  appears that Petitioner seeks monetary compensation for a
6  condition or conditions of his confinement.
7      A federal court may only grant a petition for writ of habeas
8  corpus if the petitioner can show that "he is in custody in
9  violation of the Constitution or laws or treaties of the United
10 States."  28 U.S.C. § 2254(a).  A habeas corpus petition is the
11 correct method for a prisoner to challenge the legality or
12 duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574
13 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485
14 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976
15 Adoption.
16      In contrast, a civil rights action pursuant to 42 U.S.C. §
17 1983 is the proper method for a prisoner to challenge the
18 conditions of that confinement.  McCarthy v. Bronson, 500 U.S.
19 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at
20 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.
21      Petitioner's allegations concerning seeking money damages in
22 connection with his disability concern only the conditions of his
23 confinement.  Thus, Petitioner is not entitled to habeas corpus
24 relief, and this petition must be dismissed insofar as it relates
25 to conditions of confinement.
26          D.   Remedy
27      The instant petition must be dismissed for the reasons
28 stated above.  Petitioner will be given an opportunity to file a

6

first amended petition to cure the deficiencies.  Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completed petition with cognizable federal claims clearly stated and with exhaustion of state remedies clearly stated) within the allotted time will result in a recommendation that the petition be dismissed and the action be terminated. Petitioner is advised that the amended petition should be entitled, "First Amended Petition," and it must refer to the case number in this action.

    II.  Disposition

    Accordingly, it is ORDERED that:

    1) The petition for writ of habeas corpus is DISMISSED with leave to amend; and

    2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order; and

    3) The Clerk of the Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

**Dated:   November 19, 2010**           /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE