UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY B. TILLMAN, | ) | 1:10-cv—1893-LJO-SMS-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DISMISS WITHOUT LEAVE TO AMEND |
| | ) | THE FIRST AMENDED PETITION FOR |
| v. | ) | WRIT OF HABEAS CORPUS (DOC. 11) |
| | ) | AND TO DECLINE TO ISSUE A |
| MENDOZ K. POWERS, | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |
| Respondent. | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DENY PETITIONER'S MOTION TO GRANT |
| | ) | THE WRIT (DOC. 12) AS MOOT |

**DEADLINE FOR OBJECTIONS:
THIRTY (30) DAYS AFTER SERVICE
OF THIS ORDER**

Petitioner is a state prisoner proceeding in forma pauperis and pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the first amended petition filed on November 29, 2010, pursuant to the Court's order granting leave to amend the initial petition, which lacked specificity, failed to demonstrate exhaustion of state court remedies, and concerned conditions of confinement as distinct from matters affecting the legality or duration of Petitioner's

1

detention.

I. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

///

2

A.  <u>Lack of Specificity</u>

In the petition before the Court, Petitioner does not identify a particular decision or a particular decision maker. Petitioner identifies the grounds for his petition as "Denial of effective assistance of counsel." (pet. 4.) His statement of supporting facts is equally brief:

> Did not call (produce) witnesses on my behalf. Did not offer or produce the video tape that would have cleared me of all charges.

(Pet. 4.)

Petitioner has failed to state specific facts that point to a real possibility of constitutional error. Petitioner's allegations are so lacking in factual support that the identity of the proceedings being challenged is uncertain. Petitioner's allegations are vague and conclusional, and thus they are subject to summary dismissal. For this reason, the petition must be dismissed.

B.  <u>Exhaustion of State Remedies</u>

A petitioner who is in state custody and wishes to challenge collaterally a conviction or decision by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction

3

a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule

4

further in <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by <u>Lyons v. Crawford</u>, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); <u>Crotts</u>, 73 F.3d at 865.
> ...
> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by <u>Lyons v. Crawford</u>, 247 F.3d 904, 904-05 (9th Cir. 2001).

If a petitioner's grounds were not presented to the California Supreme Court, they are unexhausted, and the petition must be dismissed to provide the petitioner an opportunity to exhaust the claims. 28 U.S.C. § 2254(b)(1); <u>Rose</u>, 455 U.S. at 521-22.

In the petition before the Court, Petitioner fails to describe any presentation of his claim to the California Supreme Court, although he states generally that did appeal to the highest state court. (Pet. 3.) However, Petitioner does not

5

1  state what grounds were presented to the California Supreme
2  Court.  In response to a query on the petition form regarding
3  whether Petitioner had filed any applications with respect to the
4  judgment in question other than a direct appeal from his
5  conviction and sentence, Petitioner described multiple
6  applications to the "District Court" against the Board of Prison
7  Terms concerning not having been provided an ADA attorney by the
8  Board of Prison terms.  (Pet. 2-3.)  These references appear to
9  refer to previous cases in federal court.  Petitioner has not
10 alleged specific facts concerning exhaustion of state remedies
11 despite having been given an opportunity to so.

      C.  <u>Absence of a Cognizable Claim</u>

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991); <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

Petitioner does not state any facts indicating that the alleged ineffective assistance of counsel has affected the

6

legality or duration of his confinement.  Thus, he has failed to allege facts that would warrant relief by way of habeas corpus.

        D.   <u>Dismissal</u>

The instant petition must be dismissed for the reasons stated above.

Petitioner has already been given an opportunity to file a first amended petition to cure these very deficiencies, which were also present in Petitioner's initial petition.  Petitioner was expressly advised in the Court's order dismissing the petition with leave to amend that failure to file a petition in compliance with the Court's order (i.e., a completed petition with cognizable federal claims clearly stated and exhaustion specifically alleged) would result in a recommendation that the petition be dismissed and the action be terminated.  However, Petitioner has failed to remedy the defects in the petition.  It appears that any further opportunity for amendment would be futile.

        II.   <u>Petitioner's Motion TO Grant Writ of Habeas Corpus</u>

On December 20, 2010, Petitioner filed a document entitled "MOTION TO GRANT WRIT OF HABEAS CORPUS," in which he set forth information regarding state laws and procedures concerning fixing prison terms, and he stated that his "client would like his primary term fixed at his hearing...." (Mot. 2.)  Petitioner concluded that the hearing procedures that he described show that Respondent did not give a fair hearing.  (Moat. 3.)

Petitioner does not demonstrate in the motion any basis for granting a writ of habeas corpus.  Further, in light of the undersigned's recommendation to dismiss the first amended

petition without leave to amend, Petitioner's motion should be denied as moot.

### III. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed.

1 | Miller-El v. Cockrell, 537 U.S. at 338.
2 |     A district court must issue or deny a certificate of
3 | appealability when it enters a final order adverse to the
4 | applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.
5 |     Here, it does not appear that reasonable jurists could
6 | debate whether the petition should have been resolved in a
7 | different manner.  Petitioner has not made a substantial showing
8 | of the denial of a constitutional right.  Accordingly, the Court
9 | should decline to issue a certificate of appealability.

### IV. Recommendation

Accordingly, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED without leave to amend for failure to state a claim warranting habeas corpus relief and failure to exhaust state court remedies; and

2) Petitioner's motion to grant the writ be DENIED as moot; and

3) The Court DECLINE to issue a certificate of appealability; and

4) The Clerk be DIRECTED to close the action because the dismissal will terminate the case in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document

should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: January 21, 2011**          /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE